IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RODERICK BOYKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24CV174 |
| | ) | |
| S.R.G. CAPTAIN LOCKLEAR, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names as Defendants four prison employees at his former prison, Scotland Correctional Institution. They are S.R.G. Captain Locklear, Ms Scott (who is part of programming and classification), Warden Dean Locklear, and Unit Manager Tamara Rush. Plaintiff makes a series of allegations that Defendants improperly placed him in restrictive housing, kept him there longer than they should have, ignored or denied his grievances, opened a piece of legal mail, and transferred him to a different prison than he believes proper. He seeks $100,000 in damages because he claims the events caused him stress, led to high blood pressure for which he must now take medication, slandered his name, and moved him farther from his father who has dementia.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint,

or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

-2-

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

Plaintiff's main allegation is that Defendants placed or kept him in segregated housing and transferred him to a different prison in violation of prison policies and his federal constitutional rights. Plaintiff raised essentially these same allegations in an earlier action, 1:24CV37, which the undersigned recommended be dismissed based on Plaintiff's failure to submit the filing fee or an application to proceed *in forma pauperis* and failure to use the correct forms. Boykins v. Scotland Corr., No. 1:24CV37, Docket Entry 5 (M.D.N.C. Feb. 1, 2024) (unpublished Order and Recommendation). However, that Order and Recommendation also noted that Plaintiff's claims contained serious deficiencies, with the first being that Plaintiff could not assert claims under § 1983 based on prison policies and the second being that a prison inmate has no liberty or property interest in a particular prison location or custody classification, even as to disciplinary segregation, unless the inmate can demonstrate that the restraints "'impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life'" Bevarati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). The earlier filing did not contain allegations demonstrating that Plaintiff's confinement involved such hardship.

Despite the earlier admonition, the current Complaint also contains no allegations of atypical or significant hardship in relation to ordinary prison life. In fact, Plaintiff does not appear to even attempt such allegations. Therefore, the Complaint states no claim under

§ 1983 based on Plaintiff's placement in segregated confinement, his stay there, or his transfer to a different prison.

The Complaint also appears to attempt to state a claim based on the handling of certain grievances filed by Plaintiff. The prior Order and Recommendation addressed claims of this type and informed Plaintiff that he was not entitled to any particular outcome concerning his grievances and that he did have not a substantive due process right to a grievance procedure. Grieveson v. Anderson, 538 F.3d 763, 772 n.3 (7th Cir. 2008) (no substantive right to a grievance procedure); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (no right to any grievance procedure or to access any procedure voluntarily created by the State). Nothing has changed in this regard and, therefore, the current Complaint cannot state a claim based on the alleged handling of Plaintiff's grievances.

Finally, the Complaint alleges that someone opened and read Plaintiff's "legal mail." The Complaint does not tie this action directly to any of the named Defendants. It also does not identify the mail clearly, but describes it in the portion of the Complaint dealing with answers to one of Plaintiff's grievances. (Docket Entry 3 at 9.) If the mail was a response to a prison grievance, it is not clear how this qualifies as legal mail given that it is not a communication with a court or with legal counsel and does not pertain to any legal proceeding. Nevertheless, even if the mail is considered legal mail and even if Plaintiff could amend his Complaint to allege that one of the named Defendants opened it, the allegation fails to state any claim for relief because it related to only a single incident. Isolated incidents of legal mail being opened outside of an inmate's presence are not sufficient to state

-4-

a claim for relief. Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983). "Rather, an inmate must show that prison officials 'regularly and unjustifiably interfered with' his or her mail." Adkins v. Chandler, No. 2:19-cv-210, 2020 WL 885968, at *3 (S.D. W. Va. Feb 24, 2020) (citing cases). The Complaint contains no allegations remotely satisfying this standard and, therefore, states no claim based on the alleged opening of Plaintiff's legal mail. The Court should dismiss the Complaint.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $10.00. Failure to comply with this Order will lead to dismissal of the Complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $10.00.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of April, 2024, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 6th day of March, 2024.

                                          /s/ L. Patrick Auld
                                          **L. Patrick Auld**
                                    **United States Magistrate Judge**